IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BEVERLY ANN PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 2:11cv1020-WC |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.    INTRODUCTION

Plaintiff, Beverly Ann Parks, applied for supplemental security income benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq*.  Her application was initially denied at the administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued an unfavorable decision in which he found Plaintiff not disabled.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c),

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 14); Def.'s Consent to Jurisdiction (Doc. 13).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual. *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . .  No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-eight years old at the time of the ALJ's decision and held at least a high school education.  Tr. 21.  Plaintiff's past relevant work experience was as a "meat processor (deboner)," "stocker," and "housekeeper." Tr. 20-21.  Following an administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has engaged in a form of gainful activity since" the alleged onset date.  (Step 1) Tr. 13.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "mild degenerative disc disease of the cervical spine with history of left radiculitis; mild degenerative disk disease of the lumbosacral spine; degenerative joint disease of the right knee with probable patellar chondromalacia of the anterior compartment; hypertension, controlled; status post subtotal thyroidectomy for Graves disease in 1996, euthyroid with replacement therapy for hypothyroidism; obesity; and mild left shoulder acromioclavicular joint arthritis." *Id*.  The ALJ then found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."  (Step 3) Tr. 15.  The ALJ determined that Plaintiff has the RFC "to perform light work [ . . . ] except that the claimant requires a sit/stand option allowing her to change position at will." *Id*.  The ALJ then found that Plaintiff is unable to perform past relevant work.  (Step 4) Tr. 20.  At Step 5, after consulting with the VE, the ALJ found that "considering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. 21.  The ALJ identified the following occupations

as examples:  "gate tender"; "egg packer"; and "cleaner/housekeeper."  Tr. 26-27.

Accordingly, the ALJ concluded that Plaintiff "has not been under a disability" since the

application date was filed.  *Id*.

## IV.   DISCUSSION

Plaintiff raises a single issue for this court's review:  Whether the ALJ erred by failing

to order a consultative physical examination.  Plaintiff points the court to the two consultive

examinations by Dr. Colley, upon which the ALJ relied and asserts that because the reports

were dated nearly a year and one-half prior to the date of the ALJ's hearing, they are too

remote.  Plaintiff also points to the assessment of Dr. Lester, which was provided to the ALJ

ten days prior to the hearing.  Plaintiff argues that Dr. Lester's assessment supports a finding

of disability and because it conflicts with Dr. Colley's findings, the ALJ should have ordered

an additional consultative examination.

The court finds Plaintiff's argument to be without merit.  At the administrative level,

the ALJ is responsible for assessing a claimant's RFC.  20 C.F.R. § 404.1546(c).  The ALJ

must assess a claimant's RFC "based on all of the relevant medical and other evidence[,]"

and, in general, the claimant will be responsible for providing the evidence used to make a

finding about the RFC. 20 C.F.R. § 404.1545(a)(3).  While a consultative examination may

be helpful to the ALJ in making an RFC determination, a consultative examination will be

ordered only when the evidence as a whole, both medical and non-medical, is not sufficient

to support a decision on the claim. 20 CFR § 404.1519a.  *See also Holladay v. Bowen*, 848

F.2d 1206, 1210 (11th Cir. 1988) (the ALJ is not required to order consultative examination, and has discretion to order such an exam only when necessary); *Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1210 (M.D. Ala. 2002) (same); *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1338 (M.D. Ala. 2001) ("[I]t is within the ALJ's discretion to order a consultative examination where he determines one is warranted."); *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) ("To be very clear, 'full inquiry' does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision.").   Indeed, "[t]he administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Social Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)).   While the ALJ has the responsibility to make a determination on Plaintiff's RFC, it is Plaintiff who bears the burden of proving her RFC. *See* 20 C.F.R. § 404.1512(a) & (c) (instructing claimant that ALJ will consider "only impairment(s) you say you have or about which we receive evidence" and "[y]ou must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled").

In the present case, the ALJ had sufficient evidence of record on which to make his determination.  Plaintiff does not specifically set forth what she asserts to be contradictory

between Dr. Colley and Dr. Lester and why a consultative examination would be necessary. However, the ALJ afforded Dr. Lester's assessments "little weight" and Plaintiff does not challenge that determination. Thus, once Dr. Lester's opinion was rejected, the opinions remaining (Dr. Colley's) support the ALJ's determination and Plaintiff fails to argue as to why Dr. Colley's opinion is too remote.[5]   This is an important point, because as the Commissioner rightly points out, "Dr. Lester's opinion failed to mention any change in Plaintiff's condition since the consultative examinations (Tr. 286)."  Def.'s Br.  (Doc. 11) at 9.

Moreover, Plaintiff fails to recognize that the ALJ left open the record in order to allow for the supplementation of treatment records, which Plaintiff failed to submit. Tr. 19. In other words, the ALJ was not provided any reason to order an additional consultative examination.

## V.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

Done this 13th day of March, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5] The alleged disability onset date was July, 1 2007 and the dates of Dr. Colley's examinations were May of 2007 and September of 2008.  In addition, Dr. Colley's opinion was reviewed by Dr. Heilpern who opined that Plaintiff could perform a range of medium work.  Tr. 279-83.

8